IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David Forbes, | ) | C/A No. 3:08-4001-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Leon Lott, Sheriff; Randy Scott, Chief Sgt.; | ) | |
| Frank Hinson, Deputy; Deputy Bane; Deputy | ) | |
| Weathersbee; Richland County Sheriff Dept.; | ) | |
| Richland County, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, David Forbes ("Forbes"), a self-represented litigant, filed this civil action pursuant to 42 U.S.C. § 1981. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation stemming from a motion to dismiss.

**BACKGROUND**

The defendants filed a motion for summary judgment. (Docket Entry 54.) Forbes responded by filing a motion to compel and a motion for an extension of time. (Docket Entries 57 & 60.) By order dated March 3, 2010, the court denied Forbes's motion to compel and granted in part Forbes's motion for an extension of time, directing Forbes to file a response to the defendants' motion for summary judgment on or before April 15, 2010. (Docket Entry 63.) On April 2, 2010, Forbes filed a motion to voluntarily dismiss his case without prejudice or, in the alternative, to stay his case. (Docket Entry 65.) The defendants filed a response in opposition. (Docket Entry 66.)

The court issued an order on April 23, 2010 outlining certain conditions that Forbes must agree to fulfill for the court to dismiss his case without prejudice. (Docket Entry 67.) The court's

order instructed Forbes to indicate to the court in writing within seven days whether, in light of these conditions, he still wished to voluntarily dismiss his case. (Id.) Additionally, the order directed that if Forbes did not wish to voluntarily dismiss his case under the conditions imposed by the court, he was to file his response to the defendants' motion for summary judgment by May 14, 2010. (Id.) Forbes was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Both deadlines have passed and Forbes has failed to respond to the court's directives. Therefore, Forbes meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice. See Davis, 558 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b). In light of the court's recommendation, the court further recommends that any pending motions (Docket Entries 54 & 65) be terminated.

*[signature: Paige J. Gossett]*

May 17, 2010  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[1] He is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Chandler Leasing Corp., 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).